HEARD NOVEMBER TERM, 1875.

### Abrams *vs.* Moseley.

In an action for the partition of a tract of land lying in this State, the complaint alleged that the plaintiffs were entitled under the will of A B to an undivided share of certain lands in Arkansas; that the defendant exchanged those lands for the tract of land of which partition was sought, taking title in his own name: *Held,* That demurrer did not lie, because the complaint did not allege that the will of A B had been admitted to probate in this State.

Before COOKE, J., at Greenville, April, 1875.

Action by Lorenzo D. Abrams and another, plaintiffs, against James P. Moseley and others, defendants, for partition of a tract of land lying in Greenville County.

The complaint, by its first paragraph, alleged that William Anderson, deceased, late of Cross County, in the State of Arkansas, died in the year 1864, leaving a last will and testament, whereby he devised his lands, containing one thousand three hundred and forty acres, situate in said County and State, to his brother, Lovinska Anderson, his sister, Sarah Ann Moseley, his mother-in-law, Catharine B. Landrum, and his sister-in-law, Martha P. Norfleet, to be equally divided between them, which will was duly admitted to probate; and by its second paragraph, that Lovinska Anderson afterwards died, leaving a will whereby he devised his whole estate to the plaintiffs, who were then minors, to be equally divided between them. By the third, fourth and other paragraphs, it was alleged that the plaintiffs are the children of Sarah P. Moseley, who has recently died intestate; that she was the wife of the defendant, James P. Moseley; that during the minority of the plaintiffs, James P. Moseley and Sarah P., his wife, conveyed to one M. B. Ioor the shares of the said Sarah P. Moseley and of the plaintiffs in the lands in Cross County, Arkansas, and received in exchange therefor the tract of land in Greenville County, in this State, of which partition was sought by this action.

The defendant, James P. Moseley, demurred to the first, third and fourth paragraphs of the complaint " upon the ground that, as it appears upon the complaint, this Court has not jurisdiction of the subject of action as therein stated, inasmuch as said last will and testament of William Anderson is alleged in said first section of said complaint to have been executed and admitted to probate in Cross County, in the State of Arkansas, and does not appear ever to have been admitted to probate in this State; and the lands mentioned in the third and fourth sections of said complaint, which are the subject of action, are, as appears from said third and fourth sections, situated in said Cross County, in the State of Arkansas, beyond the limits of this State, and out of the jurisdiction of this Court."

His Honor the Circuit Judge overruled the demurrer, and the defendant, Moseley, appealed.

*Earle & Wells,* for appellant.

*Moorman & Schumpert,* contra.

April 5, 1876.    The opinion of the Court was delivered by

WRIGHT, A. J.    The demurrer is not well taken, and the order of the Circuit Judge overruling it is without error.    The cause of demurrer assigned by the appellants is that "the last will and testament of William Anderson is alleged in the first section of the complaint to have been executed and admitted to probate in the State of Arkansas, and does not appear ever to have been admitted to probate in this State, and the lands mentioned in the third and fourth sections of said complaints, which are the subject of actions are, as appears therefrom to be, situated beyond the limits "of the State and out of the jurisdiction of the Court."    It may at once be admitted, as contended for on behalf of the appellants, that real estate is governed by the *lex rei sitœ*, and that title to land can be acquired and lost only in the manner prescribed by the law of the place where land is situate.    A more comprehensive expression of the rule cannot be found than that contained in the language of the Court in *Lamar* vs. *Scott*, 3 Strob., 564.    This concession, however, does not remove the difficulty in the way of the appellants.    There objection is that the respondents cannot claim any right derived through a devise of real estate in another State, unless probate of the will devising it has been obtained from our own Courts.

This, too, may be granted, and yet the demurrer may not be sustained.    "Probate is, however, operative merely as the authenticated evidence, and not at all as the foundation of the title to the property disposed of by the will.    The title passes to the devisee or legatee at the death of the testator, and the probate of the will relates back to that time."—1 Jarm. on Wills, 215.    The title to one-fourth of the property, under the will of William Anderson, vested in his brother, Lovinska Anderson, who, by his last will and testament, devised his whole estate therein to the plaintiffs, then minors. Their complaint is that the defendant, James P. Moseley, has disposed of their said interest, and invested the proceeds in real estate in this State, to the use and benefit of himself and co-defendants, and they aver that the real estate so devised is stamped with a trust which equity will execute in their favor and behalf.    If the defendants, when they answer, deny the charge so alleged, the plaintiffs will be put to their proof, and the question now made may possibly arise, and will be determined by the Court according to the character and form in which it may be presented.    To sustain the de-

murrer would be an assumption that probate of the will has not been made in South Carolina, which would be equivalent to holding that the plaintiffs are obliged to set out in their complaint every element of proof necessary to sustain it. This would not be in accord with any rule of pleading with which we are familiar. The motion is dismissed.

*Moses*, C. J., and *Willard*, A. J., concurred.